**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cody James Martinez,<br><br>              Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>              Respondents. | No. CV CV-21-163-RM<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Cody James Martinez, who is confined in the Arizona State Prison Complex in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus and Motion for Stay of Execution and Application for Appointment of Counsel [Capital Case] (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 3).

**I.   Application to Proceed In Forma Pauperis**

Petitioner's Application to Proceed In Forma Pauperis indicates that his inmate trust account balance is less than $25.00. Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperis. *See* LRCiv 3.5(c).

**II.   Petition**

Petitioner was convicted in Pima County Superior Court, case #CR-20031993, of premeditated first degree murder, felony murder, and kidnapping and was sentenced to death. His convictions and death sentence were affirmed by the Arizona Supreme Court on July 25, 2008, in *State v. Cody James Martinez*, 218 Ariz. 421 (2008). The United States Supreme Court denied Petitioner's petition for writ of certiorari on November 3, 2008.

The state trial court subsequently granted postconviction relief in part and vacated Petitioner's sentence of death. *See State v. Martinez*, CR 20031993, Amended Under Advisement Ruling, May 18, 2017. Petitioner asserts that the Arizona Supreme Court upheld the grant of penalty phase relief and remanded for merits consideration of the guilt and aggravation phase claims only. On February 20, 2021, the Arizona Supreme Court upheld the trial court's denial of relief on the guilt and aggravation phase claims, and the United States Supreme Court denied his petition for certiorari on June 3, 2021. *See* https://certpool.com/dockets/20-7605 and https://certpool.com/conferences/2021-06-03 (last accessed July 2, 2021).

The Court has reviewed the Pima County Superior Court's electronic docket ("AGAVE") and takes judicial notice that Petitioner has not yet been resentenced. Similarly, the Court has reviewed the Arizona Supreme Court website and has found no indication that an execution warrant has been issued or that an execution is otherwise imminent. *See* Ariz. R. Crim. P. 31.23 (directing the Arizona Supreme Court to issue a warrant of execution if the State files a notice indicating the defendant has not initiated or pursued post-conviction or federal habeas proceedings or if the State files a motion at the conclusion of federal habeas corpus and appellate review).

Despite the apparent vacatur of his death sentence, Petitioner alleges he is under sentence of death and, "due to his imminent date of execution," requests:

1. Appointment of counsel to represent [him] in [his] Petition for Writ of Habeas Corpus and adequate time to allow counsel to properly review and investigate [his] case and raise all federal constitutional claims arising in his case;
2. An order staying execution;
3. Release from confinement based on [his] unconstitutional conviction and sentence;
4. Such other and further relief as the Court deems just and proper.

(Doc. 1 at 38–39.) The petition is signed by both Martinez and counsel.

### III.  Discussion

When a capital defendant invokes his right to appointed counsel, a federal court may

exercise its jurisdiction under § 2251 to enter a stay of execution. *McFarland v. Scott*, 512 U.S. 849, 859 (1994). Here, because it is not clear that Petitioner has been resentenced to death, the Court will order Petitioner to show cause why the procedural safeguards—the appointment of counsel and a stay of execution—that follow from a capital sentence should be authorized by the Court.

Additionally, before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The failure to exhaust subjects the petition to dismissal. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983). If a prisoner has a direct appeal or initial petition for post-conviction relief pending in state court, the federal exhaustion requirement is not satisfied. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding); *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending"). The prisoner must await the outcome of the pending state-court challenge before proceeding in federal court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.3d at 634. The pending state-court proceeding could affect Petitioner's conviction or sentence and, therefore, could ultimately affect or moot these proceedings. *See id.*

Because it is unclear whether Petitioner is still awaiting resentencing in state court, and whether Petitioner has filed his petition prematurely,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** that, on or before **August 16, 2021**, Petitioner shall (1) show cause why the Petition should not be dismissed for failure to exhaust, or (2) submit a notice voluntarily dismissing this action. If Petitioner decides to show cause why his Petition should not be dismissed, he should include in his response: (1) the judgment[1] he is challenging, with conviction case number, date and sentence imposed, and (2) a copy of the warrant of execution he seeks to stay.

Dated this 30th day of July, 2021.

_____
Honorable Rosemary Márquez
United States District Judge

---

[1] *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("[J]udgment in a criminal case means sentence. The sentence is the judgment."); *see also Styers v. Ryan*, No. CV-12-2332-PHX-JAT, 2013 WL 1775981, at *3 (D. Ariz. Apr. 25, 2013).